_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: December 31, 2025 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [3]**

      Petitioner Saman Mahmoudpour brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondent Kristi Noem, the Secretary of the Department of Homeland Security ("DHS"), Respondent Pam Bondi, the Attorney General of the United States, Respondent Thomas Giles, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement ("ICE"), Respondent James Pilkington, Assistant Field Office Director, Adelanto Detention Facility, and Respondent Warden Geo Group Inc., Adelanto Detention Facility (collectively, "Respondents").  (Dkt. 1 ("Petition" or "Pet.").)  Before the court is Petitioner's Application for Temporary Restraining Order and Preliminary Injunction.  (Dkt. 3 ("Application" or "App.").)  Respondents oppose the Application.  (Dkt. 6 ("Opp.").)  Petitioner filed a reply in support of the Application.  (Dkt. 7.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the state of the record, as applied to the applicable law, the court **DENIES** the Application.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03556-FWS-AJR                           Date: December 31, 2025
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

## I.   Background

Petitioner is a native citizen of Iran.  (Pet. at 3.)  On May 18, 2024, Petitioner and his family attempted to enter the United States near the border without a visa or authorization.  (*Id.*)  There, Petitioner was apprehended by the United States Border Patrol and charged with improper entry.  (*Id.*)  On November 4, 2024, Petitioner was granted parole and ordered to register through the Intensive Supervision Appearance Program ("ISAP") as an alternative to detention.  (*Id.*)  On October 14, 2025, when Petitioner reported to the Santa Ana Field Office to meet with his Enforcement and Removal Operations ("ERO") Officer, Petitioner was apprehended and then transferred to the Adelanto Detention Facility.  (*Id.*)  It appears that Petitioner was taken into custody by the DHS due to sixteen violations of the ISAP program between December 2024 and October 2025.  (Dkt. 6-1 (Declaration of Jonathan E. Sanchez, "Sanchez Decl.") ¶ 12; Pet. at 3.)  In a separate case, Petitioner filed a petition in this court but dismissed that petition without prejudice six days later.  (*Id.*); *see also Saman Mahmoudpour v. Kristi Noem et al.*, 5:25- cv-03340-FWS-AJR, Dkts. 1, 9.  On December 17, 2025, the Immigration Judge declined to consider Petitioner's motion for bond hearing for lack of statutory jurisdiction.  (Pet. at 3.)

## II.   Legal Standard

The analysis for granting a preliminary injunction is "substantially identical" to that for granting a temporary restraining order ("TRO").  *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief."  *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a preliminary injunction must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest."  *Id.* (quoting *Winter*, 555 U.S. at 20).  Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: December 31, 2025 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

**III.   Analysis**

Petitioner moves for a temporary restraining order requiring Respondents to immediately release Petitioner from custody, to refrain from removing Petitioner outside the Central District of California, to place Petitioner back on his Order of Supervision, and to show cause as to why the Application for a preliminary injunction should not be granted. (App. at 1.) Petitioner also requests the court ultimately issue a preliminary injunction. (*Id.*) The court considers the likelihood of success on the merits, *see Winter*, 555 U.S. at 20.[1]

Petitioner argues that he "almost certain to succeed on the merits of his [] [P]etition for the reasons set forth in his [P]etition." (App. at 2.) In the Petition, Petitioner (1) denies that he violated his ISAP requirements and (2) argues that Respondents failed to provide him procedural due process. (Pet. at 4-6.) The court addresses each argument in turn.

First, the parties dispute whether Petitioner committed violations of his ISAP program to justify detention. Respondents' position is that "Petitioner was properly detained after he

___

[1] For purposes of the court's analysis, the court assumes that Petitioner's declaration was adequate.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03556-FWS-AJR                                    Date: December 31, 2025
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

___

committed 16 violations of his ISAP program between December 2024 and October 2025." (Opp. at 2, 6.) In support of Respondents' contention, Respondents provide the declaration of Jonathan E. Sanchez, Deportation Officer with the DHS, ICE, and ERO. (Sanchez Decl. ¶ 1.) In his declaration, Mr. Sanchez states that "ICE took [] Petitioner back into custody after the Petitioner accumulated sixteen violations of the ISAP program between December 2024 and October 2025." (*Id.* ¶ 12.) Petitioner denies the alleged reporting violations. (Pet. at 5 ("The [DHS]'s decision to detain him based on alleged reporting violations, which the Petitioner vehemently denies, as detailed in his supporting declaration. . . .").) In Petitioner's declaration, he stated that he did not learn about the 16 alleged violations until after he was transferred to Adelanto Detention Facility, and he disagrees with these allegations, asserting that he was in full compliance with his ISAP reporting requirements. (App. at 4.) Petitioner further provides a supplemental declaration, stating that he has submitted the required daily photos as part of the ISAP program. (Dkt. 7 at 8.) Because both parties provide competing declarations on whether Petitioner was detained for violating his ISAP requirements, the court finds that the record before the court is insufficient to demonstrate that Petitioner is likely to succeed on the merits of his claims, without additional authority or facts. *See Winter*, 555 U.S. at 20; *see also, e.g.*, *SoftMan Prods. Co., LLC v. Adobe Sys., Inc.*, 171 F. Supp. 2d 1075, 1093 (C.D. Cal. 2001) (concluding a party had not shown likelihood of success on the merits where "each party [made] opposing representations as to a disputed fact" going directly to the central issue in the case); *Harper v. Taylor*, 2025 WL 965787, at *2 (D. Or. Mar. 30, 2025) ("Plaintiff asserts that the allegations contained in his [c]omplaint demonstrate such a likelihood, but [d]efendants have disputed the truth of [p]laintiff's claims against [d]efendant Taylor and the parties have submitted competing declarations addressing those claims. Based on the record currently before the [c]ourt, these factual disputes cannot be resolved and [p]laintiff has not demonstrated a likelihood of success on the merits.").

Second, Petitioner raises several due process arguments. Petitioner argues that Respondents violated Petitioner's due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that Respondents failed to provide Petitioner with notice that his Order of Supervision was revoked, to conduct an informal interview or afford Petitioner an opportunity to be heard, or to sufficiently demonstrate changed circumstances that render his removal significantly likely in the foreseeable future. (Pet. at 5-6.) Respondents respond that *Zadvydas*

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: December 31, 2025 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

is inapplicable because Petitioner does not have a final order of removal. (Opp. at 6.) The court agrees with Respondents. *See Zadvydas*, 533 U.S. at 701 (holding that an alien is not entitled to habeas relief, after a *post-removal detention period* of six months, unless the alien can show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). According to Mr. Sanchez's declaration, the DHS "placed [] Petitioner into removal proceedings" and "[o]n December 2, 2025, [] Petitioner appeared before the Immigration Judge with counsel and accepted a final merits date hearing of January 29, 2026, for the [c]ourt to consider his applications for relief." (Sanchez Decl. ¶¶ 10, 13.) Based on this record, it appears that Petitioner is not subject to a final removal and therefore *Zadvydas* would not be applicable. *See Zadvydas*, 533 U.S. at 701. Furthermore, the record does not reflect that Petitioner is under an Order of Supervision, but rather it appears that Petitioner was placed on ISAP instead. (Pet. at 3 (Petitioner "was ordered to register through the [ISAP] as an alternative to detention."); Sanchez Decl. ¶ 11 ("On November 4, 2024, the Petitioner was released from ICE custody and was placed on the [ISAP] after spending a total of 74 days in ICE custody. The Petitioner was not released on an Order of Supervision.").) Petitioner also argues that his detention is unlawful under 8 C.F.R. § 241.4(l)(1), and § 241.13(i)(3). (Pet. at 5.) However, it appears that these statutes only pertain to noncitizens who are subject to a final removal order. *See generally* 8 C.F.R. § 241.4; 8 C.F.R. § 241.13 ("This section establishes special review procedures for those aliens who are subject to a final order of removal. . . ."); *C.A.R.V. v. Wofford*, 2025 WL 3059549, at *8 (E.D. Cal. Nov. 3, 2025) ("However, § 241.13 does not appear apply in this case because [p]etitioner lacks a final order of removal. Respondents also mention 8 C.F.R. § 241.4, which also applies only to individuals subject to a final order of removal." (internal citation omitted).).

Accordingly, the court finds the record before the court is insufficient to demonstrate that Petitioner is likely to succeed on the merits of his claims. *See Winter*, 555 U.S. at 20. For the reasons stated above, the court declines to discuss the remaining *Winter* factors and **DENIES** the Application. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors, in the absence of serious questions going to the merits." (internal quotation marks and citation omitted)).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: December 31, 2025 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

### IV. Disposition

For the foregoing reasons, the court **DENIES** the Application. Because the Application is denied, the court's order that "Petitioner shall not be removed or relocated from the Central District of California, pending further order of court," (Dkt. 5), is **VACATED**.

_____