_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-03556-FWS-AJR                                    Date: February 20, 2026
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

    Rolls Royce Paschal                                                      N/A
       Deputy Clerk                                                       Court Reporter

Attorneys Present for Petitioner:                Attorneys Present for Respondents:

      Not Present                                                 Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S THIRD *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [14]**

     Petitioner Saman Mahmoudpour brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondent Kristi Noem, the Secretary of the Department of Homeland Security, Respondent Pam Bondi, the Attorney General of the United States, Respondent Thomas Giles, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement, Respondent James Pilkington, Assistant Field Office Director, Adelanto Detention Facility, and Respondent Warden Geo Group Inc., Adelanto Detention Facility (collectively, "Respondents").  (Dkt. 1 ("Pet.").)  Before the court is Petitioner's Third *Ex Parte* Application for a Temporary Restraining Order and Preliminary Injunction.  (Dkt. 14 ("Application" or "App.").)  Respondents filed a response to the Application.  (Dkt. 16 ("Resp.").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Application.

I.     **Background**

     Petitioner is a native citizen of Iran.  (Pet. at 3.)  On May 18, 2024, Petitioner and his family attempted to enter the United States near the border without a visa or authorization.  (*Id.*)  There, Petitioner was apprehended by the United States Border Patrol and charged with

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: February 20, 2026 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

improper entry. (*Id.*) On November 4, 2024, Petitioner was granted parole and ordered to register through the Intensive Supervision Appearance Program ("ISAP") as an alternative to detention. (*Id.*) On October 14, 2025, when Petitioner reported to the Santa Ana Field Office to meet with his Enforcement and Removal Operations Officer, Petitioner was apprehended and then transferred to the Adelanto Detention Facility. (*Id.*) It appears that Petitioner was taken into custody by the DHS due to sixteen violations of the ISAP program between December 2024 and October 2025. (Dkt. 6-1 (Declaration of Jonathan E. Sanchez) ¶ 12; Pet. at 3.) On December 17, 2025, the Immigration Judge declined to consider Petitioner's motion for bond hearing for lack of statutory jurisdiction. (Pet. at 3.)

"A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Id.* "Prior to the new policy, foreign nationals, like [Petitioner], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

In the Application, Petitioner argues that he is a class member in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) ("*Bautista*"), and therefore is entitled to a bond hearing. (App. at 1.)

## II.  Legal Standard

The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-03556-FWS-AJRDate: February 20, 2026
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

___

regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

     A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

     A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

     A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-03556-FWS-AJR | Date: February 20, 2026 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

### III. Analysis

The court finds Petitioner adequately demonstrates that *ex parte* relief is warranted. *See Mission Power*, 883 F. Supp. at 492-93. The court further finds Petitioner adequately demonstrates that he is entitled to a TRO under the *Winter* factors. First, the parties do not dispute that Petitioner was detained pursuant to the wrong statute, nor do the parties dispute that Petitioner is a member of the Bond Eligible Class certified in *Bautista*. (*See generally* App.; Resp. at 2.) Second, this court has previously ordered a bond hearing be held within 7 days under similar circumstances. *See, e.g.*, *Ana Maria Gaviria Lora v. Warden of GEO Grp., Inc. et al.*, 2026 WL 127608, at *4 (C.D. Cal. Jan. 9, 2026) (Slaughter, J.); *Engonga v. Noem*, 2025 WL 3764077, at *3-4 (C.D. Cal. Dec. 23, 2025) (Slaughter, J.); *Ajqui v. Noem*, 2025 WL 4058281, at *6 (C.D. Cal. Nov. 10, 2025) (Slaughter, J.). For these reasons, the court finds Petitioner adequately demonstrates that he is entitled to a bond hearing within 7 days. Accordingly, the Application is **GRANTED**.

### IV. Disposition

For the foregoing reasons, the Application is **GRANTED**. The court **ORDERS** that Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **February 27, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **February 27, 2026, at 5:00 p.m.** In addition, the court's previous order that Petitioner shall not be removed or relocated from the Central District of California pending further order of court remains in full force and effect. (Dkt. 15.)

Respondents are further **ORDERED** to show cause in writing on or before **March 3, 2026,** as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before **March 6, 2026**. The court schedules an in-person hearing on whether a preliminary injunction should issue on **March 12, 2026, at 10:00 a.m., in Courtroom 10D.**

___