UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:25-cv-03556-FWS-AJR                                   Date: March 9, 2026
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                    Attorneys Present for Respondents:

   Not Present                                                      Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING AS MOOT BOTH THE *EX PARTE* MOTION FOR REISSUANCE OF THE TEMPORARY RESTRAINING ORDER [18] AND PRELIMINARY INJUNCTION; DIRECTING PETITIONER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED; REFERRING FURTHER PROCEEDINGS, INCLUDING ISSUE OF WHETHER CASE SHOULD BE DISMISSED AS MOOT, TO ASSIGNED MAGISTRATE JUDGE**

   Petitioner Saman Mahmoudpour filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Respondent Kristi Noem, the Secretary of the Department of Homeland Security, Respondent Pam Bondi, the Attorney General of the United States, Respondent Thomas Giles, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement, Respondent James Pilkington, Assistant Field Office Director, Adelanto Detention Facility, and Respondent Warden Geo Group Inc., Adelanto Detention Facility (collectively, "Respondents"). (Dkt. 1 ("Petition").) In the Petition, Petitioner seeks, among other relief, a writ compelling "Respondents to release him from their custody." (*Id.* at 6.)

   On February 18, 2026, Petitioner filed his Third *Ex Parte* Application for a Temporary Restraining Order and Preliminary Injunction, seeking a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (Dkt. 14 ("Application" or "App.").) The parties did not dispute that Petitioner was detained pursuant to the wrong statute, nor did the parties dispute that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:25-cv-03556-FWS-AJR | Date: March 9, 2026 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

*granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (*See generally* App.; Dkt. 16 at 2.) On February 20, 2026, the court granted Petitioner's Third *Ex Parte* Application for a Temporary Restraining Order and Preliminary Injunction, ordering the following:

> Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **February 27, 2026, at 9:00 a.m.** If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **February 27, 2026, at 5:00 p.m.**

(*See* Dkt. 17 ("TRO") at 4.)

On February 27, 2026, Petitioner filed the *Ex Parte* Motion for Reissuance of the TRO. (Dkt. 18 ("Motion" or "Mot.").) Petitioner moves for a court order reissuing the TRO because Petitioner's Counsel Kaveh Ardalan did not receive the TRO and did not request a bond hearing on behalf of Petitioner within the TRO's deadline. (*Id.* at 1.) The Motion is supported by the declaration of Kaveh Ardalan. (Dkt. 18 at 2 ("Ardalan Decl.").) Ardalan states that he did not receive an ECF notification regarding the TRO and only learned about the TRO on the morning of February 27, 2026, when he was checking the status of the case on ECF. (Ardalan Decl. ¶¶ 5-7.) Then, Ardalan immediately checked his email, including the junk folder, and verified that he received no ECF notification regarding the TRO. (*Id.* ¶ 6.)

On March 2, 2026, the court ordered Respondents to file a response to the Motion and address whether Respondents complied with the TRO, specifically the order that "Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **February 27, 2026, at 9:00 a.m.**" (Dkt. 19 ("Compliance Order").)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-03556-FWS-AJR                      Date: March 9, 2026
Title: Saman Mahmoudpour v. Kristi Noem *et al.*

In their response to the Motion and Compliance Order, Respondents state that they "unfortunately did not provide a bond hearing for Petitioner by February 27, 2026," and upon "realizing the error, they consequently had already begun preparing to release Petitioner today, March 2, 2026, without a hearing." (Dkt. 20 at 2.) Respondents further state that undersigned counsel at the United States Attorney's Office, Daniel A. Beck, either "missed seeing [the TRO]" or "did not correctly read the [TRO]," and so did not timely transmit it to the agency. (*Id.*) Respondents, however, note that "the [TRO] does appear to have been received in the email box of undersigned counsel." (*Id.*) Respondents filed a supplemental response confirming that Petitioner was released from immigration detention. (Dk. 21.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought). Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

Here, the relief Petitioner sought in the Application was a court order providing a bond hearing. (App. at 2.) Instead of receiving a bond hearing, Petitioner was released from detention because a bond hearing was not provided in accordance with the TRO. (Dkt. 21.) Based on the state of the record, the court finds that a preliminary injunction is not warranted. (*See generally* App.; Dkt. 21.) Accordingly, the court **DENIES AS MOOT** both Petitioner's request for a preliminary injunction, and the Motion.[1] *See, e.g.*, *Yessenia Alvarez Cabanillas v. Geo Group, Inc. et al.*, 5:25-cv-03484-ODW-PC, Dkt. No. 11 (denying as moot petitioner's

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for **March 12, 2026**, is **VACATED** and **OFF CALENDAR**.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:25-cv-03556-FWS-AJR | Date: March 9, 2026 |
| Title: Saman Mahmoudpour v. Kristi Noem *et al.* | |

request for a preliminary injunction where petitioner sought emergency injunctive relief to be released from custody and was granted the requested relief); *Mauricio Alejandro Ovalle Lombana v. Mark Bowen et al.*, 2:25-cv-10871- HDV-JC, Dkt. No. 14 (denying petitioner's habeas petition as moot because petitioner was afforded a bond hearing and has been released on bond). **Nothing in this Order shall be read to preclude issuance of the relief Petitioner seeks in the Petition at a later stage of the proceedings.**

In addition, the court **ORDERS** Petitioner to show cause in writing on or before **March 23, 2026,** why this case should not be dismissed as moot in its entirety. Respondents shall file a response on or before **March 30, 2026.** Petitioner may file a reply on or before **April 6, 2026.** Absent further order of the court, no hearing will be held.

Finally, the court observes that this case has been referred to Magistrate Judge A. Joel Richlin. (Dkt. 4.) Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition—including the issue of whether this case should be dismissed as moot—are **REFERRED** to Magistrate Judge Richlin for decision.

___